Mr. Ingersoll, for the demandant.
Mr. Duncan, for the tenants.

---

John Cox *against* William M'Dougal.

Where goods levied on, have not been removed by the sheriff, the plaintiff does not lose his lien.

It appeared, that the plaintiff had issued a *fieri facias* returnable to 30th December 1797, on which the defendant's goods and household furniture were levied, and the plaintiff requested of the sheriff, that the property might remain in the hands of the defendant, which was complied with.

James Hawthorne obtained a second *fi. fa.* against the defendant. And afterwards James Cummins *et al.* sued out a third execution against his property.

Mr. Todd now moved, that the moneys brought generally into court, should be paid over to the second and third execution creditors He cited 1 Wils. 44, that suffering the goods to remain in the defendant's hands after they have been leived on, is a badge of fraud, and gives a false credit to the debtor.

He was opposed by Mr. Franklin for the plaintiff.

By the court. The case in 1 Wils. 44, has been impugned by other authorities. Vid. 1 Term Rep. 729, 731, 732. Espin.

615.  Carth. 419.  The general rule is, that the goods are bound by the delivery of the writ to the sheriff, both by the stat. 29 Car 2, in England, and by our act of 21st March 1772.  1 Dall. St. Laws, 641, § 4.  Our own customs must control.  In England, goods levied are generally removed, and the bailiffs are paid for the service.  It is a common phrase there, that an execution is in the house.  Where such practice obtains, a deviation from it gives a collusive credit to the defendant, to the injury of others.  Here it is not the practice to remove goods levied on, provided the sheriff is secured as to their being produced when demanded, and the lien on the personal property has always been held to continue, though it has not been removed on the *fieri facias*.  No person should suffer for his humanity, where no ill effects are produced thereby.  The sase of swift et al. v. Hartman some terms ago, was determined on the same grounds, after the first execution creditors had been inactive a considerable time.

Motion denied.